IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

12-593-CI-21

DAVID POWERS, Individually and
on behalf of others similarly situated,

        Plaintiff,

vs.

CPS SECURITY SOLUTIONS, INC.,
CONSTRUCTION PROTECTIVE SERVICES, INC.,
a/k/a CPS SECURITY (USA), INC.

        Defendants.

_____/

## COMPLAINT

COMES NOW Plaintiff, DAVID POWERS, Individually and on behalf of others similarly situated, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, and sues Defendants, CPS SECURITY SOLUTIONS, INC., hereinafter referred to as "CPS", CONSTRUCTION PROTECTIVE SERVICES, INC., also known as, CPS SECURITY (USA), INC., hereinafter referred to as "CPS (USA)" or "Defendants" and alleges:

## JURISDICTION AND VENUE

1.     This is an action for damages which exceed Fifteen Thousand (15,000.00) Dollars exclusive of costs and interest.

## PARTIES

2.     Plaintiff, DAVID POWERS, resides in Orange County, Florida.

3.     At all times material hereto Defendant, CPS, is a Foreign Profit Corporation, engaged in substantial and not isolated business activities within the State of Florida, including but not limited to Pinellas County in Florida.  At all times material, Defendant, CPS, was an employer as

EXHIBIT "A"

defined by the Act.

4.     Defendant, CPS, is an employer as defined by the laws under which this action is brought and employed the required number of employees.

5.     At all times material hereto Defendant, CPS (USA), is a Foreign Profit Corporation, engaged in substantial and not isolated business activities within the State of Florida, including but not limited to Pinellas County in Florida.  At all times material, Defendant, CPS (USA), was an employer as defined by the Act.

6.     Defendant, CPS (USA), is an employer as defined by the laws under which this action is brought and employed the required number of employees.

7.     Defendants are joint employers and/or common enterprises.

## FACTUAL ALLEGATIONS

8.     Plaintiff, DAVID POWERS, has been employed with Defendants from approximately May 2010 to present as a Trailer Guard.  In Plaintiff's capacity as a Trailer Guard, he is required to live in a trailer assigned by Defendants at construction sites.  Plaintiff earns approximately $7.31 per hour.

9.     Plaintiff has an on-duty schedule—generally 5:00 a.m. to 7:00 a.m., Monday through Friday and 5:00 a.m. to 9:00 p.m., Saturday and Sunday—for which he is compensated at his hourly rate.

10.    Additionally, Plaintiff is on-call during the weekday evenings and weekends and is forbidden from leaving the property that Defendants assign him to during those periods of time. Plaintiff is not compensated for this time.  The only time in which Plaintiff is compensated during the on-call period is when he is required to respond to a security problem that arises.

11.    Thus, Plaintiff is not compensated at all for the on-call periods, nor is Plaintiff

compensated at a rate of time and one-half his regular rate of pay, for approximately eight (8) hours per day and fifty-six (56) hours per week.

## COUNT I
### (Fair Labor Standard Act)

12.    Plaintiff realleges paragraphs one (1) through eleven (11) as though set forth fully herein.

13.    The employment of Plaintiff provided for a forty (40) hour work week but throughout his respective employment Plaintiff was required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

14.    At all times material, Defendants failed to comply with 29 U.S.C. § 201 *et seq.*, in that Plaintiff worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate Plaintiff at the rate of time and one-half his regular rate of pay for the hours worked over forty (40) in a work week.

15.    Defendants' failure to pay Plaintiff the required overtime pay was intentional and willful.

16.    As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, DAVID POWERS, respectfully request all legal and equitable relief allowed by law including judgment against Defendants for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy and such other relief as the court may deem just and proper.

EXHIBIT "A"

## COUNT II

17.     Plaintiff realleges paragraphs one (1) through sixteen (16) as though set forth fully herein.

18.     At all times material, Defendants employed numerous individuals who were similarly situated to Plaintiff with respect to the terms and conditions of their employment.

19.     Throughout their respective employment, individuals similarly situated to Plaintiff were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

20.     At all times material, Defendants failed to comply with 29 U.S.C. § 201 *et seq.*, in that individuals similarly situated to Plaintiff worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate such individuals at the rate of time and one-half their regular rate of pay for the hours worked over forty (40) in a work week.

21.     Defendants' failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

22.     As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, DAVID POWERS, Individually and on behalf of others similarly situated, respectfully requests all legal and equitable relief allowed by law including judgment against Defendants for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and such other relief as the court may deem just and proper.

EXHIBIT "A"

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all issues so triable.

FLORIN, ROEBIG, P.A.

WOLFGANG M. FLORIN, ESQ.
FL Bar No.: 907804
CHRISTOPHER D. GRAY, ESQ.
FL Bar No.: 902004
GREGORY A. OWENS, ESQ.
FL Bar No.: 0051366
777 Alderman Road
Palm Harbor, FL 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
Attorneys for Plaintiffs

Dated: 1/13/2012

EXHIBIT "A"